**ZHOU HUI NI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4480–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhou Hui Ni, a citizen of the People's Republic of China, seeks review of a September 12, 2006 order of the BIA, affirming the June 13, 2002 decision of Immigration Judge ("IJ") Miriam Mills, denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhou Hui Ni*, No. A78 721 867 (B.I.A. Sept. 12, 2006) *aff'g* No. A78 721 867 (Immig. Ct. N.Y. City June 13, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA issues an independent decision on remand from this Court, and does not adopt the decision of the IJ, this Court reviews the decision of the BIA alone. *Belortaja v. Gonzales*, 484 F.3d 619, 622–23 (2d Cir.2007). However, when the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). In this case, the BIA, on remand from this Court, adopted the IJ's decision. Therefore, we review both the BIA's decision and the underlying IJ decision. This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* questions of law and the application of law

to undisputed fact. *See, e.g., Edimo–Doualla v. Gonzales,* 464 F.3d 276, 282 (2d Cir.2006).

■■■ This Court recently held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to spouses of individuals who have been forcibly sterilized or forced to have an abortion. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). Instead, a spouse must demonstrate persecution based on his or her own "other resistance to a coercive population control program" or "a well founded fear that he or she will be . . . subject to persecution for such . . . resistance. . . ." *Id.* at 340–42 (citing 8 U.S.C. § 1101(a)(42)). Under our holding in *Shi Liang Lin,* Ni is not *per se* eligible for relief solely based on the persecution of his wife, and he has alleged no past persecution other than his wife's forced abortion and sterilization. *See id.* at 340–41. Moreover, there is no indication that it is more likely than not that Ni would be either persecuted or tortured if forced to return to China based upon any "resistance" Ni might have demonstrated to China's family planning policy. *Id.* Indeed, Ni admits that future persecution is unlikely because his wife has already been sterilized. Before the IJ, Ni had claimed that he feared being put in prison in China because he violated the family planning policy and he illegally departed from China. However, we will not review those claims because by failing to raise them here, he has abandoned them. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).